UNITED STATES COURT OF APPEALS

**Filed 4/26/96**

TENTH CIRCUIT

MICHAEL O'DRISCOLL, )
)
    Plaintiff-Appellant, )
)
vs. )           No. 95-3318
)    (D.C. No. 92-CV-3169)
GARY L. HENMAN, Warden, )        (D. Kan.)
USP Leavenworth Penitentiary, )
E.R. PIERCE, Correctional Officer- )
USP Leavenworth, EDDIE GEOUGE, )
USP Leavenworth, individually and in )
his official capacity, TONY FLOWERS, )
USP Leavenworth, individually and in )
his official capacity, )
)
    Defendants-Appellees. )

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE.[**]

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

Plaintiff Michael O'Driscoll, an inmate at the Leavenworth Correctional Center, moves this court to permit him to proceed on appeal in forma pauperis. 28 U.S.C. § 1915(a). Plaintiff served sixty days in segregation and forfeited 962 days of good time credit after a disciplinary hearing officer concluded that Plaintiff participated as a look-out in an escape attempt. Plaintiff, appearing pro se, filed a <u>Bivins</u> complaint for monetary and injunctive relief in the district court alleging Defendants, a prison warden, two prison officials and an inmate, deprived him of due process in the disciplinary proceeding.[1] The district court summarily dismissed Plantiff's claims against the warden and inmate under 28 U.S.C. § 1915(d). After discovery, the court granted the two remaining prison officials summary judgment under Fed. R. Civ. P. 56. When the Plaintiff submitted his Notice of Appeal, the district court denied him leave to proceed on appeal in forma pauperis. Fed. R. App. P. 24(c).

Under 28 U.S.C. § 1915(a), a district court may deny an indigent plaintiff's application for leave to proceed on appeal in forma pauperis if the "court certifies in writing that [the appeal] is not taken in good faith." Good faith in this context is subject to an <u>objective</u> standard. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962) (emphasis in original). A plaintiff seeking leave to proceed in forma pauperis "must make a rational argument on the law or facts in support of the issues raised." <u>Givings v. Maynard</u>, No.

---

[1] To the extent Plaintiff seeks restoration of good time credits, his claim is cognizable only under 28 U.S.C. § 2255. <u>See</u> <u>Preiser v. Rodrequez</u>, 411 U.S. 475, 500 (1973) (challenge to duration of confinement requires petition for writ of habeas corpus).

91-7124, 1992 WL 150090 at * (10th Cir., June 23, 1992) (unpublished). If the district court certifies that the appeal is not taken in good faith, then the plaintiff may move the circuit court under § 1915(a) to proceed on appeal in forma pauperis. While the district court's certificate is not conclusive, it is "entitled to weight." Coppedge, 369 U.S. at 446.

We have carefully reviewed Plaintiff's brief on appeal, the pleadings, the district court's orders, and the entire record before us. Based upon our review of the record, we conclude that Plaintiff has not made a rational argument in law or fact to support his claim. Accordingly, Plaintiff's motion for leave to proceed on appeal in forma pauperis is DENIED and his appeal DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge